**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 0:26-cv-60069 - Civ - COHN/STRAUSS**

**HALFORD WARLICK,**

Plaintiff,

v.

**NOVA SOUTHEASTERN UNIVERSITY, INC.,**

Defendant.

# PLAINTIFF'S OBJECTIONS UNDER FED. R. CIV. P. 72(a) AND S.D. FLA. MAGISTRATE JUDGE RULE 4(a)(1) TO THE MARCH 2, 2026 PAPERLESS ORDER [D.E. 28]

Plaintiff, Halford Warlick ("Plaintiff"), pursuant to Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A), and S.D. Fla. Magistrate Judge Rule 4(a)(1), files these objections to the March 2, 2026 Paperless Order [D.E. 28] granting, in part, Defendant's motion for protective relief regarding the subject email, and states:

## INTRODUCTION

The March 2, 2026 Order [D.E. 28] granted Defendant's requested protective relief insofar as it (1) precluded Plaintiff from using certain portions of the subject email in this proceeding and (2) required Plaintiff to destroy, delete, or return those portions. The Order denied as moot the separate request to strike portions of the complaint in light of the amended complaint.

Plaintiff objects only to the protective-order portion of D.E. 28. The Order should be set aside because it is contrary to law and/or clearly erroneous in at least two respects.

First, Defendant sought and obtained Rule 26(c)-style protective relief without satisfying the required pre-filing good-faith conferral on the actual relief sought. Rule 26(c)(1) requires a certification that the movant "has in good faith conferred or attempted to confer" with affected

parties to resolve the dispute without court action. Local Rule 7.1(a)(3) likewise required conferral with all parties affected by the specific relief sought and required the movant to certify the issues resolved and unresolved. Defendant's pre-filing communications, however, only addressed a Motion to Strike. [D.E. 7-3] There did not constitute any meaningful conferral on protective-order relief which was ultimately sought and obtained—namely, a court order compelling destruction, deletion, return, and non-use of the material in the litigation.

Second, the Order granted protective relief without evaluating waiver, even though waiver was a live and disputed issue squarely raised by both sides. Defendant itself acknowledged that it bore the burden not only to establish privilege, but also to show that any privilege had not been waived. Plaintiff specifically argued that waiver had occurred or, at minimum, that Defendant had failed to make the factual showing necessary to establish non-waiver. Yet [D.E. 28] contains no waiver analysis, no factual findings concerning inadvertence, no finding as to when Defendant discovered the production, no finding as to what precautions were taken, and no finding as to why corrective action was sufficiently prompt. On this record, granting the requested non-use and destroy/delete/return relief without resolving that predicate dispute was contrary to law.

Accordingly, Plaintiff respectfully requests that the Court sustain these objections and set aside the portion of D.E. 28 granting protective-order relief, or alternatively vacate that portion and recommit the matter for further proceedings and findings.

## BACKGROUND

1. On January 22, 2026, Defendant filed its "Motion to Strike Privileged Communications from Plaintiff's Complaint and for Protective Order" [D.E. 7].

2. The motion sought two categories of relief: (a) Rule 12(f) striking relief directed to allegations and an exhibit in the complaint, and (b) broader protective relief requiring destruction/deletion/return of the challenged email material and prohibiting Plaintiff from using it in this proceeding.

3. In its certification, Defendant stated that, on January 19, 2026, it advised Plaintiff that the complaint improperly pled and attached purportedly privileged material and requested that

Plaintiff amend the complaint to remove it. Defendant further stated that Plaintiff declined to amend unless Defendant first identified supporting legal authorities. Plaintiff did not indicate any certification regarding conferral on the protective order. [D.E. 7]

4. Plaintiff opposed the motion and argued, among other things, that Defendant had not meaningfully conferred regarding the Rule 26(c) relief, that the relief sought was broader than what had been conferred upon, and that Defendant had not established non-waiver.

5. On February 10, 2026, the Magistrate Judge entered D.E. 19, recognizing that amendment appeared to moot the strike portion of the motion, but noting that it was unclear whether the parties had reached any broader agreement concerning the separate relief sought regarding destruction of the email and use of the email in the proceeding. D.E. 19 therefore ordered the parties to confer and file a joint notice stating whether the motion was moot and, if not, what issues remained in dispute.

6. On February 17, 2026, the parties filed a Joint Notice [D.E. 20] stating that they had met and conferred and remained in disagreement "...the Parties remain in disagreement as to the relief sought in the Motion that would require Plaintiff to destroy the relevant email communication and agree that the email not be used in this proceeding." [D.E. 20]

7. On March 2, 2026, the Court entered D.E. 28. The Court denied as moot the request to strike complaint allegations, but granted the protective-order portion and ordered that Plaintiff could not rely on the portions of the subject email and ordered Plaintiff to destroy, delete, or return the subject email by March 9, 2026.

## STANDARD OF REVIEW

A district judge must set aside any portion of a magistrate judge's nondispositive order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); S.D. Fla. Mag. J. R. 4(a)(1).

An order is contrary to law when it fails to apply or misapplies relevant statutes, rules, or legal standards. An order is clearly erroneous when, although there may be evidence supporting it, the reviewing court is left with the definite and firm conviction that a mistake has been committed.

## ARGUMENT

### I. THE PROTECTIVE-ORDER PORTION OF D.E. 28 IS CONTRARY TO LAW BECAUSE DEFENDANT DID NOT MEANINGFULLY CONFER, BEFORE FILING, ON THE ACTUAL RULE 26(c) RELIEF IT SOUGHT.

Rule 26(c)(1) does not merely require a motion labeled with a certification. It requires that the motion "must include a certification" that the movant "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Local Rule 7.1(a)(3) similarly required pre-filing conferral with all parties affected by the relief sought and further required the movant to specify what issues had been resolved and what issues remained unresolved.

Here, the record shows that the pre-filing communications centered on demands that Plaintiff amend the complaint with threats of a Rule 12(f) motion. That is not the same thing as a meaningful conferral about the actual Rule 26(c)/inherent-authority relief later requested from the Court—i.e., a judicial order compelling destruction, deletion, return, and litigation non-use.

That distinction matters. Defendant did not file only a motion to strike allegations from a pleading. It filed a combined motion seeking materially broader protective relief. Plaintiff expressly raised that point in opposition, arguing that the relief expanded at filing beyond what had actually been conferred upon and that Rule 26(c) relief had not been meaningfully conferred on at all.

Defendant's certification did not cure the defect. It did not identify any meaningful pre-filing discussion of the specific legal and practical issues implicated by the requested protective order, including the basis for Rule 26(c) relief, the scope of any proposed non-use restriction, whether a narrower remedy such as sequestration or in camera review could suffice, or how Plaintiff's waiver position affected the requested relief. Nor did the certification specify issues resolved and issues remaining unresolved as Local Rule 7.1(a)(3) requires where only some issues are resolved. Defendant in their reply [D.E. 11] states that "...NSU fully complied with Local Rule 7.1…" but notably did not include confirmation of complying with Rule 26(c). [D.E. 11 at 6].

The later court-ordered conferral reflected in D.E. 19 and D.E. 20 does not retroactively cure the original failure. D.E. 19 itself recognized that the strike portion appeared moot and ordered the parties to confer about whether broader issues remained. D.E. 20 then confirmed that the only remaining dispute concerned destruction and non-use. But a later conferral compelled by court order after the motion has already been filed is not the pre-filing conferral required by Rule 26(c)(1) and Local Rule 7.1(a)(3).

Because the protective-order portion of D.E. 28 granted relief that Rule 26(c)(1) conditions on a good-faith pre-filing conferral, and because that prerequisite was not meaningfully satisfied as to the actual relief sought, that portion of the Order should be set aside as contrary to law.

**II. THE PROTECTIVE-ORDER PORTION OF D.E. 28 IS ALSO CONTRARY TO LAW BECAUSE IT GRANTED RELIEF WITHOUT ADDRESSING WAIVER OR MAKING THE FINDINGS NECESSARY TO RESOLVE THE NON-WAIVER DISPUTE.**

Even where attorney-client privilege is asserted, the proponent bears the burden not only to establish the privilege, but also to show that it was not waived. See, e.g., *United States v. Noriega*, 917 F.2d 1543, 1550 (11th Cir. 1990). Defendant itself acknowledged this burden in its motion. [D.E. 7 at 7]

Waiver and non-waiver were not peripheral issues here. They were central. Defendant's own theory depended on inadvertent production and non-waiver. Plaintiff directly disputed that theory and argued, among other things, that: the material was produced pre-suit in response to a FERPA records request; no privilege was asserted at the time of production; Plaintiff had specifically asked about privilege handling during the FERPA process; Defendant declined to provide any privilege log or equivalent identification; Defendant did not state when it discovered the alleged inadvertent production; Defendant did not explain what precautions it took to avoid production; and Defendant did not establish why its corrective efforts should be deemed prompt.

Yet D.E. 28 does not address waiver at all. The Order contains no finding that the production was inadvertent, no finding that Defendant took reasonable steps to prevent disclosure, no finding as to when Defendant discovered the issue, no finding that Defendant

acted promptly to rectify it, and no finding that privilege was preserved notwithstanding the pre-suit production. Instead, the Order granted the requested non-use and destroy/delete/return relief without resolving the antecedent dispute over whether the asserted privilege remained intact.

That omission is consequential. The protective relief granted by D.E. 28 presupposes a preserved privilege sufficient to justify barring use of the material in the case and requiring its destruction, deletion, or return. Where the producing party's own theory is that disclosure was inadvertent and non-waiver applies, the Court must at least evaluate that contention before granting relief based on it.

This is especially so here because the challenged material was not produced during ordinary federal discovery and because Plaintiff squarely argued that Defendant's factual showing was insufficient. Even if the Court ultimately concluded that no waiver occurred, the absence of any waiver analysis or findings leaves the protective-order ruling unsupported on a disputed and necessary premise.

At minimum, the Court should vacate the protective-order portion of D.E. 28 and require an express determination of the waiver issue on an appropriate record before any such relief is imposed.

## III. AT A MINIMUM, THE MATTER SHOULD BE VACATED AND RECOMMITTED FOR FURTHER PROCEEDINGS AND MORE PARTICULARIZED FINDINGS.

If the Court does not outright deny the protective-order relief, the appropriate alternative is to vacate the protective-order portion of D.E. 28 and recommit the matter for further proceedings and findings. The present Order does not indicate whether the Court rejected Plaintiff's conferral argument, found the later court-ordered conferral sufficient to cure any defect, concluded that waiver was irrelevant, or concluded that Defendant had affirmatively established non-waiver. Nor does it explain why narrower relief would not suffice.

A more developed ruling is required where the Court imposes litigation non-use and destroy/delete/return obligations based on a disputed privilege claim and disputed waiver record.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court sustain these objections and:

A. set aside the portion of D.E. 28 granting Defendant's requested protective relief;

B. deny Defendant's motion to the extent it sought an order precluding use of the subject email portions and requiring their destruction, deletion, or return; or, alternatively,

C. vacate the protective-order portion of D.E. 28 and recommit the matter for further proceedings and findings concerning (i) pre-filing conferral compliance, (ii) waiver/non-waiver, and (iii) whether any narrower relief is warranted; and

D. grant such other and further relief as the Court deems just and proper.

Respectfully Submitted: March 16, 2026.

Respectfully submitted,

/s/ Zachary Gaynor

Zachary Gaynor, Esq.
Florida Bar No.: 125534
https://FLeducationlawyer.com/
Phone number: 561-308-9119
Primary Email: Zacharysgaynor@gmail.com
8903 Glades Rd
Ste A8 #2322
Boca Raton, FL 33434
Attorney for Plaintiff

**Certificate of Service**

I HEREBY CERTIFY that on March 16, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing as indicated by asterisk.

By: /s/ Zachary Gaynor
Zachary Gaynor, Esq.

Service List
Panza Maurer
Counsel for Defendant
Benjamin Patrick Bean bbean@panzamaurer.com

James Harold Horton, IV jhorton@panzamaurer.com

Richard Arthur Beauchamp rbeauchamp@panzamaurer.com, codonnell@panzamaurer.com, dmacdonald@panzamaurer.com, mspatzer@panzamaurer.com