**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 0:26-cv-60069 - Civ - COHN/STRAUSS**

**HALFORD WARLICK,**

Plaintiff,

v.

**NOVA SOUTHEASTERN UNIVERSITY, INC.,**

Defendant.

**PLAINTIFF'S MOTION FOR RECUSAL OR DISQUALIFICATION UNDER 28 U.S.C. § 455(a), OR, IN THE ALTERNATIVE, FOR DISCLOSURE**

Plaintiff Halford Warlick respectfully moves this Court, pursuant to 28 U.S.C. § 455(a), for the recusal or disqualification of the Honorable James I. Cohn from further proceedings in this matter, or, in the alternative, for disclosure on the record of certain affiliations and relationships sufficient to permit the parties to assess whether recusal is required. The narrow question presented is whether, on the totality of objective, public-record facts now identified, the Court's impartiality "might reasonably be questioned" in the eyes of a fully informed, reasonable observer. § 455(a); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).

## I. INTRODUCTION

Section 455(a) is not a remedy for actual bias. It is a prophylactic provision designed to "promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg*, 486 U.S. at 865. The inquiry is objective, asking whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003); *see also United States v. Cerceda*, 188 F.3d 1291, 1292–93 (11th Cir. 1999) (en banc).

Plaintiff has, through public-record investigation, identified a constellation of institutional, professional, and civic connections among the Court, the Defendant Nova Southeastern University ("NSU"), and counsel for NSU, Panza, Maurer & Maynard, P.A. ("Panza Maurer"). Each connection, considered alone, may not require disqualification. Taken together — and

viewed against the backdrop of a case that places the Court's judgment of NSU's institutional conduct toward a person with disabilities at the center of the litigation and statements made toward Plaintiff and Plaintiff's counsel — they raise an objective question that warrants, at the very least, disclosure on the record. Plaintiff seeks disclosure and reassignment out of an abundance of caution and to protect the integrity of any judgment ultimately entered.

## II. RELEVANT BACKGROUND

*A. Case Assignment and Posture.*

1. This action was filed in 2025 and upon removal was assigned to the Honorable James I. Cohn, with referral to Magistrate Judge Strauss. Plaintiff alleges disability discrimination, failure to provide reasonable accommodations, retaliation, and related claims under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and related state law.
2. Defendant is Nova Southeastern University, Inc., a private university with its principal place of business in Broward County, Florida. NSU is represented in this matter by Panza, Maurer & Maynard, P.A., including attorneys Benjamin Bean, Richard Beauchamp, and James Horton.

*B. NSU and Panza Maurer Institutional Relationship.*

3. Susan Horovitz Maurer is a founding and Managing Partner of Panza, Maurer & Maynard, P.A. She has identified herself publicly as having "served as General Counsel for Nova Southeastern University . . . as well as adjunct faculty," and as a member of "the Nova Southeastern University President's Advisory Council." (Ex. N.) NSU has separately recognized Ms. Maurer as its 2017 Distinguished Alumni Award recipient for the Shepard Broad College of Law. (Ex. G.)
4. The relationship between the Panza Maurer firm and NSU is not solely one of attorney and current client. NSU has publicly identified Panza, Maurer & Maynard, P.A. as the **"Presenting Sponsor"** of its annual marquee fundraising event, the "Celebration of Excellence." (Ex. K.)

*C. Judge Cohn's Public-Record Affiliations.*

5. In his sworn 2003 Senate Judiciary Committee questionnaire, Judge Cohn identified, among the organizations to which he belonged, **"Temple Bat Yam of East Ft. Lauderdale."** (Ex. A at 1110.)
6. In the same questionnaire, under "Other Memberships" defined as "all organizations to which you belong that are active in lobbying before public bodies," Judge Cohn listed the "Exceptional Student Education Advisory Council (children with special needs)." (Ex. A at 1110.) Judge Cohn elsewhere described his non-legal pro bono service as "active in helping children with special needs through the Exceptional Student Education Advisory Council and serving on rating committees for summer programs for children with special needs." (Ex. A at 1133.)
7. Susan Horovitz Maurer has publicly identified herself, and has been identified by NSU, as a **"board member of Temple Bat Yam."** (Exs. G, N.) The funeral and memorial service of Ms. Maurer's mother-in-law, Yolanda Maurer, was held at Temple Bat Yam in 2003. (Ex. C.)
8. To Plaintiff's knowledge, the period of Ms. Maurer's Temple Bat Yam board service and the period of Judge Cohn's affiliation with Temple Bat Yam have not been publicly disclosed in this matter. Whether those periods overlap, and the nature of any personal acquaintance arising from that shared affiliation, are facts uniquely within the Court's and counsel's knowledge.

*D. The 2001–2003 Federal Judicial Nominating Commission.*

9. Judge Cohn's sworn questionnaire reflects that he was interviewed by the Florida Federal Judicial Nominating Commission on July 11, 2001 and February 27, 2002, before his nomination. (Ex. A at 1133–34.)
10. According to a contemporaneous Florida Bar News report, **"Dr. Barry Silverman of Aventura"** was named to the Southern District subcommittee of that very Federal Judicial Nominating Commission. (Ex. B.)
11. Dr. Barry J. Silverman has, since 1997 and continuing through the present, served on the NSU Board of Trustees, presently as Vice Chair. (Exs. D, E.) NSU has publicly identified Dr. Silverman and his wife Judy as recipients of NSU's "President's Award for Excellence

in Community Service" — an honor conferred at the same NSU "Celebration of Excellence" for which Panza Maurer is the "Presenting Sponsor." (Exs. D, K.)

*E. The founding and funding of Camp Yofi by Dr. Barry Silverman*

12. Dr. Barry Silverman founded Camp Yofi, a camp for children with autism and their families and started providing initial funding for camp Yofi at some point between October 1, 2022 through September 30, 203. (See Exhibit H, I, L, M ).
13. Camp Yofi is run by Camp Ramah Darom and is done in partnership with the NSU's Mailman Segal Center. (Ex. K).

## III. LEGAL STANDARD

Section 455(a) requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard is objective. The question is not whether the judge is in fact partial; it is whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317 (11th Cir. 2003).

Recusal under § 455(a) may be required even in the absence of actual bias. *Liljeberg*, 486 U.S. at 860. "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Id.* at 865.

The Eleventh Circuit recognizes important limits. Adverse rulings, expressions of impatience or frustration, and ordinary case-management determinations rarely warrant recusal. They will support disqualification only if they reveal "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky*, 510 U.S. at 555. The standard generally requires an extrajudicial source, *id.* at 554–55, although that requirement is not absolute. *Id.* at 554. The cumulative effect of multiple, mutually reinforcing institutional and affiliational connections — particularly where one of those connections runs through the judge's pathway to the bench itself — provide a basis of affiliation connections. *Cf. Liljeberg*, 486 U.S. at 850–53.

**IV. ARGUMENT**

*A. The Totality of Public-Record Facts Warrants, at Minimum, Disclosure Under § 455(a).*

The question is not whether any single fact, considered in isolation, would require recusal. Section 455(a) is concerned with appearances, and appearances are cumulative. A reasonable observer, knowing that (i) the Managing Partner of the law firm representing Defendant served as Defendant's General Counsel, has served on Defendant's President's Advisory Council, is a Distinguished Alumni honoree of Defendant's law school, and has been identified as adjunct faculty at Defendant; (ii) Defendant has publicly identified that same law firm as the "Presenting Sponsor" of its annual signature fundraising event; (iii) a long-tenured Trustee of Defendant (currently Board Vice Chair) served on the Southern District subcommittee of the Federal Judicial Nominating Commission that screened and advanced the Court for the federal bench; and (iv) the Court and the Managing Partner of Defendant's counsel firm have both publicly identified themselves with the same congregation — could reasonably entertain a doubt about whether the Court is positioned to adjudicate this action with the appearance of impartiality that § 455(a) demands.

Plaintiff does not contend that any of these facts establishes actual bias. The point is the more modest one Congress targeted in § 455(a): that even where actual partiality is absent, the public confidence in the judiciary is best preserved by transparent disclosure and, where appearance concerns are substantial, by reassignment.

*B. The Appearance Concern Is Heightened by the Case-Specific Subject Matter.*

This action concerns disability discrimination and the alleged failure of an academic institution to provide statutorily required reasonable accommodations. Judge Cohn's own sworn representations identify involvement with the Exceptional Student Education Advisory Council and with "summer programs for children with special needs." (Ex. A at 1110, 1133.) Plaintiff offers this fact respectfully and without inference of personal bias. It is relevant only to the objective observer's analysis: where a judge has publicly identified prior involvement with disability- and special-education-related programming, and the defendant is a major institutional supporter of disability-services programming through its trustees and through programs like

Camp Yofi (Exs. D, J, L), an objective observer could reasonably consider whether that thematic and institutional overlap, combined with the other affiliations described above, warrants disclosure. This is particularly the case when the timing of the funding for the program is considered against the backdrop of other facts. (Exs. H, I, and M).

*C. The Federal Judicial Nominating Commission Connection.*

Of the public-record facts identified, the most distinctive is the overlap between Judge Cohn's confirmation pathway and Defendant's current institutional leadership. Dr. Barry Silverman served on the Southern District subcommittee of the Florida Federal Judicial Nominating Commission that interviewed Judge Cohn in 2001 and 2002. (Exs. A, B.) Dr. Silverman has continuously served on NSU's Board of Trustees since 1997 and is presently Vice Chair. (Exs. D, E.) The fact alleged is a public, documented one: a sitting trustee of Defendant participated, in an institutional capacity, in the body that recommended Judge Cohn for the federal bench. Whether and to what extent this fact is one a reasonable observer would think material is precisely the kind of question § 455(a) asks the Court to consider, in the first instance, with full transparency.

*D. Prior Rulings Are Not a Basis for This Motion.*

To be clear: Plaintiff does not contend that any ruling of this Court — including the March 16, 2026 order — supplies a basis for recusal. Plaintiff acknowledges that adverse rulings, strong language, and case-management determinations are not grounds for disqualification. 510 U.S. at 555–56. The Court's orders are referenced here, and only here, to make clear what they are not. The basis for this motion is the cumulative set of extrajudicial, public-record affiliations identified in Part II.

*E. The Motion Is Timely.*

Eleventh Circuit law requires that a § 455(a) motion be filed promptly upon discovery of the grounds. *See, e.g.*, *In re Walker*, 532 F.3d 1304, 1310–11 (11th Cir. 2008) (per curiam) (timeliness considered). Plaintiff's investigation of the public-record affiliations described above was completed on or about May 26, 2026. The present motion follows promptly thereafter. No prior order in this case has been issued in reliance on the affiliations described above, and the relief requested can be granted without unnecessary disruption to the case schedule.

**V. ALTERNATIVE RELIEF**

Should the Court determine that disqualification is not required on the present record, Plaintiff respectfully requests, as alternative relief:

(a) Disclosure on the record of (i) whether and during what periods the Court was a member of or affiliated with Temple Bat Yam; (ii) whether the Court has had any personal acquaintance with Susan Horovitz Maurer, Laurence Maurer, Jennifer Maurer, or any other member of the Maurer family, and the nature of any such acquaintance; (iii) the Court's current and past affiliations, if any, with NSU or with any program or initiative supported by NSU or the Silverman family; (iv) the Court's current and past acquaintance, if any, with any of the named attorneys of record for Defendant in this matter; and (v) any other facts the Court believes a reasonable observer might consider material under § 455(a);

(b) Leave for Plaintiff to supplement this Motion within fourteen (14) days after any such disclosure;

(c) To the extent permitted by the Local Rules and 11th Circuit practice, referral of this motion to another judge of this Court for disposition;

(d) permit Plaintiff, if necessary, to file a separate motion to seal concerning any supplemental materials that contain confidential, private, or sensitive information, with redacted public versions filed where feasible; and

(e) Such other and further relief as the Court deems just and appropriate.

**VI. CONCLUSION**

For the reasons stated, Plaintiff respectfully requests that the Court grant this Motion and recuse or disqualify itself under 28 U.S.C. § 455(a), or, in the alternative, enter the disclosure relief sought in Part V.

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

Pursuant to S.D. Fla. Local Rule 7.1(a)(3), undersigned counsel certifies that counsel conferred with counsel for Defendant in a good-faith effort to resolve the issues raised by this Motion by telephone call and numerous emails. Defendant opposes.

Respectfully submitted,

/s/ Zachary Gaynor
Zachary Gaynor, Esq.
Florida Bar No.: 125534
8903 Glades Rd., Ste. A8 #2322
Boca Raton, FL 33434
Phone: 561-308-9119
Primary E-mail: Zacharysgaynor@gmail.com
Counsel for Plaintiff

**Certificate of Service**

I HEREBY CERTIFY that on May 26, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing as indicated by asterisk.

By: /s/ Zachary Gaynor
Zachary Gaynor, Esq.

Service List

Panza Maurer

Counsel for Defendant

Benjamin Patrick Bean bbean@panzamaurer.com

James Harold Horton, IV jhorton@panzamaurer.com

Richard Arthur Beauchamp rbeauchamp@panzamaurer.com, codonnell@panzamaurer.com, mspatzer@panzamaurer.com